**No. 56413.**—International Hormones, Inc., et al. *v.* United States, protests 151640–K, etc. (New York).

Opinion by COLE, J. The protests were dismissed.

**No. 56414.**—J. Eisenberg, Inc. *v.* United States, protests 166987–K, etc. (New York).

Opinion by COLE, J. The protests were dismissed.

**No. 56415.**—Wm. Dixon, Inc. *v.* United States, protest 162646–K (New York).

Opinion by MOLLISON, J. The court noted that the involved merchandise was imported and entered on December 7, 1949, at which time T. D. 49753 was no longer in effect, and that the rate in effect at that time was 7½ percent under paragraph 13, as modified by the General Agreement on Tariffs and Trade (T. D. 51802). It was held that "There is ample authority, however, to the effect that in cases such as the present, wherein the plaintiff has indicated the correct paragraph under which claim is made and the ascertainment of the correct rate to be applied under that paragraph is not in issue, the protest is sufficiently specific to warrant a judgment applying the correct rate of duty. See *Loblaw Groceterias, Inc.* v. *United States*, 22 C. C. P. A. (Customs) 479, T. D. 47481, and cases cited therein. The circumstances of paragraph 13 of the Tariff Act of 1930 were that at no time was there more than one rate of duty applicable thereunder, so that the statement of an erroneous rate would not have confused or misled the collector." In accordance with stipulation of counsel that the merchandise consists of ruby powder similar in all material respects to that the subject of *William Dixon, Inc.* v. *United States* (27 Cust. Ct. 154, C. D. 1362), the claim for assessment of duty under paragraph 13 was sustained, and the collector was directed to reliquidate the entry at the 7½ percent rate provided by the modification of said paragraph 13 by T. D. 51802.